SOUTHERN RAILWAY COMPANY v. JUANITA FREE ET AL.

[50 South. 442.]

RAILROADS. *Negligence. Willful and wanton negligence. Ordinary care. Pedestrian on railroad track. Death caused by train.*

Where in a suit for the death of a person, killed by a train while walking along a railroad track, the court sustained a demurrer to the count of the declaration charging the railway company with ordinary negligence, leaving only a count charging gross, willful and wanton negligence, an instruction is erroneous if it authorized a recovery by plaintiffs upon a finding that defendant failed to exercise ordinary care.

FROM the circuit court of Clay county.

HON. J. T. DUNN, Judge.

Juanita Free and others, appellees, were plaintiffs in the court below; the railway company, appellant, was defendant there. From a judgment in plaintiffs' favor defendant appealed to the supreme court.

Plaintiffs sued to recover damages for the death of their father, Monroe Free, colored. While walking at night along a traveled pathway on the track of the railway company, within the corporate limits of the city of West Point, plaintiffs' father was struck by the tender of a locomotive running backward, pulling a long train of cars, and sustained injuries resulting in his death. The first count of the amended declaration alleged that the employes of the railway company in charge of the train were guilty of gross, willful and wanton negligence in the running of the train and that such negligence directly caused the injury resulting in the death. The second count merely charged that such employes, in so running the train, were guilty of negligence which directly caused the injury resulting in the death. The court sustained the railway company's demurrer to the second count but overruled it as to the first count. The plain-

tiffs declined to amend their second count, and the cause went to trial on the first count to which defendant pleaded the general issue and a special plea charging that the deceased contributed to his death by his own gross and reckless negligence and lack of precaution in walking upon the railway track without permission of the company. Evidence was offered by the plaintiffs that the railway track on which Free was struck and injured had been used by the public generally, without objection on the part of the company, for several years and that the company's employes failed to give proper warnings or keep a lookout as the locomotive and train moved along the track and approached the deceased. The engineer and conductor of the train testified that the whistle of the locomotive had been blown a short time before deceased was struck, and that the bell of the locomotive was kept constantly ringing as the train was passing along the track. For the plaintiffs the court below granted the following instruction, referred to in the opinion:

"If the jury believe from the evidence that that part of the track on which Monroe Free was killed, at the time of his death, was constantly used as a foot path by persons coming and going on foot, for a continuous period of many years, without objection from the railway company, then the defendant company and its servants are presumed to have had knowledge of such use of the track, and defendant's servants in charge of the train by which Monroe Free was killed had reason to expect the presence of people on the track, and it was the duty of said servants to use ordinary care to see said Monroe Free and to use ordinary care to prevent his injuries by the running of the said train; and if the jury further believe from the evidence that said servants did not use such care to discover said Free and to protect him from injury, they are guilty of willful and wanton negligence."

The jury found a verdict of $1,000 in plaintiffs' favor.

*Catchings & Catchings,* for appellant.

The court below erred in instructing the jury that if appel-

lant's employes failed to use ordinary care, such failure would constitute willful and wanton negligence. It will be noted that the court had, at the beginning of the trial, sustained appellant's demurrer to the count of the amended declaration charging ordinary negligence on the part of the company's employes. Even if it be granted that the railway company had allowed pedestrians to use the track for years prior to the injury here in question, a failure of the employes of the company to use ordinary care on the night in question, as the train was propelled slowly along the track, cannot in law be held to constitute "willful and wanton negligence." It would be mere negligence, and, inasmuch as the charge against the appellant under which damages were claimed was that appellant's employes were guilty of gross and willful and wanton negligence, the granting of this erroneous instruction was gravely prejudicial to appellant.

*Critz & Kimbrough,* for appellees.

Where trains are run through thickly populated towns and cities, along tracks constantly used as footpaths by licensees, very great care is required on the part of the employes of the trains for the safety of such licensees. And where trains are run out of schedule time or at night this requirement of care and precaution is imperative. *Railroad Company v. Simpkins,* 54 Tex. 615, 38 Am. Rep. 635; *Railroad Co. v. Robbins,* 124 Ala. 113, 82 Am. St. Rep. 154; *Railroad Co. v. Guest,* 39 South. 657. Hence, under the evidence, the instruction, complained of by appellant, was not erroneous. *Railroad Co. v. Brooks,* 85 Miss. 269.

SMITH, J., delivered the opinion of the court.

After sustaining a demurrer to the second count of appellee's amended declaration, thereby holding that the appellant would be liable for the death of Monroe Free only in the event that his death was caused by the wilful or wanton negligence of appellant, the correctness of which ruling is not now before us, the court very singularly charged the jury that, if appellant's em-

ployes failed to use ordinary care on the occasion in question, such failure would constitute wilful and wanton negligence. A failure to use ordinary care and wilful and wanton negligence are very different things, and are not equivalents of each other.

For the error in this instruction, the judgment of the court below is reversed, and the cause remanded.

*Reversed.*